HEANEY, Circuit Judge,
concurring and dissenting.
The majority has written a thorough and well-reasoned opinion from which I depart only on a narrow aspect of its discussion of punitive damages. I agree that the evidence warranted the submission of punitive damages to the jury under both state and federal law, that the jury’s award of $50 million was excessive, and that the district court properly reduced the punitive award. I also agree that, in considering a reduction of the award, the federal cap on punitive damages does not apply to state antidiscrimination statutes. My only concern is with the majority’s $4.65 million remittitur. The assessment of $350,-000 in punitive damages against Wal-Mart does not adequately punish the company for its conduct. Nor will- it serve to deter Wal-Mart or other similarly-situated companies from violating their employees’ civil rights. Thus, I respectfully dissent from that portion of the majority opinion that reduces the punitive award to $350,000.
In reviewing the jury’s award, the district court properly weighed the relevant aggravating and mitigating factors. The majority contends that the district court failed to consider any mitigating circumstances. In fact, after weighing the evidence, the district court concluded that there were none to consider. The majority points to two mitigating factors: that Wal-Mart had a corporate policy against discrimination and that no one outside the Warsaw store was made aware of the incidents occurring there. The district court explicitly recognized that Wal-Mart had a written “open-door” policy. The mere existence of a policy carries very little weight, however, when Wal-Mart failed to train any of its supervisors about the policy. Moreover, the fact that no one outside of the Warsaw store was aware of the conduct is further evidence that the open-door policy was not followed and that the proper channels of communications were closed tight. Wal-Mart’s trial strategy — minimizing and denying the alleged harassment and relying on the policy to excuse any harassment — as well as its failure to take any affirmative actions against either Mais or Brewer obviously backfired with the jury. Such behavior may well have indicated a greater need for a severe punitive award to compel Wal-Mart to take stronger steps to fulfill its legal obligations toward its employees. See Hurley v. Atlantic City Police Dept., 933 F.Supp. 396, 422 (D.N.J.1996). Thus, I do not believe that the district court abused its discretion in concluding that there were no mitigating factors worth consideration.
The majority also states that the district court should have further reduced the award because the defendants’ conduct was not the most egregious type of sexual harassment. *-1005 Although it is true that the conduct did not involve serious sexual assault, physical touching, quid pro quo harassment, or retaliation, the district court found it significant that the only attempt Wal-Mart made to address Kimzey’s complaints was to offer her alternative positions that carried different benefits and hours from her receiving job. This response essentially punished the wrong party and condoned the illegal behavior. I agree with the district court that Wal-Mart’s response to Kimzey’s complaints elevated the seriousness of the conduct and, in my view, bordered on retaliation.
As the majority recognizes, a great number of aggravating circumstances were present in this case, including management participation in the harassment, the company’s failure to train supervisors regarding the sexual harassment policy, and the resultant failure of on-site managers to carry it out. The majority also notes that Wal-Mart’s size warrants consideration; yet in my view, the $4.65 million remittitur does not reflect serious consideration of Wal-Mart’s total assets. At trial, the evidence demonstrated that in 1995, Wal-Mart had net assets of $32 billion. The majority’s reduced award constitutes less than two one-thousands of one percent of Wal-Mart’s net worth. Such a minuscule penalty hardly represents more than a slap on the hand for a company of Wal-Mart’s size. In purely economic terms, it would be far more beneficial for Wal-Mart to pay out this size award than to implement a company-wide training program on sexual harassment. The majority’s punitive award does not send out a strong message to large companies that sexual harassment will not be tolerated by our court. I cannot agree to the punitive award assessed by the majority.
In addition to my concern with the size of the award, I do not agree with the manner in which it is imposed. Although remittitur is a proper remedy for an excessive verdict, the preferred method is to vacate the award and remand for a new trial on punitive damages unless the plaintiff agrees to a reduced award. See Morrill v. Becton, Dickinson & Co., 747 F.2d 1217, 1225 (8th Cir.1984); Lee v. Edwards, 101 F.3d 805, 813 (2d Cir.1996); Continental Trend Resources, Inc. v. Oxy USA Inc., 101 F.3d 634, 643 (10th Cir.1996); Atlas Food Sys. & Serv., Inc. v. Crane Nat’l Vendors, Inc., 99 F.3d 587 (4th Cir.1996); 11 Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 2820 (1995).
Accordingly, I would vacate the district court’s punitive award and remand for a new trial unless Kimzey agrees to an award of $2,000,000.